

(Bankr.N.D.Tex.1988); *In re Rittenhouse Carpet, Inc.*, 56 B.R. 131, 133 (Bankr.E.D. Pa.1985). *Contra In re Sunset Developers*, 69 B.R. 710 (Bankr.D.Idaho 1987); *In re Minton Group, Inc.*, 27 B.R. 385 (Bankr.S.D.N.Y.1983), *aff'd*, 46 B.R. 222 (DC S.D.N.Y.1985); *In re Harms*, 10 B.R. 817 (Bankr.D.Colo.1981). If Hawkins is to reorganize his business affairs, he should not be faced with an automatic dissolution of RHR in which he is a partner, and with the administrative and tax complications resulting therefrom. *Safren, supra*, at 570.

The only other bankruptcy court in the Northern District of Texas which has expressed an opinion regarding the issue before this court is a Dallas Division bankruptcy court. In *In re BC & K Cattle Co.*, 84 B.R. 69 (Bankr.N.D.Tex.1988), Judge Felsenthal ruled that the individual bankruptcy of a general partner did not dissolve the partnership. Thus, this court's holding, coupled with the *BC & K* decision indicates the existence of a uniform rule in the Northern District.

Because Hawkins' bankruptcy did not dissolve RHR, Rochester's motion for relief from stay will be denied.

ORDER ACCORDINGLY.

## ORDER

BUNTON, Chief Judge.

Upon consideration of the United States of America's Motion to Vacate Judgment and to Remand, the Court finds:

1. The United States of America has appealed to this Court from a decision of the Bankruptcy Court as reflected in the "Order Authorizing Assumption of Executory Contracts" dated March 17, 1989, and filed on March 27, 1989, and in the "Opinion" dated March 17, 1989, and filed on March 27, 1989. 99 B.R. 747.

2. This appeal has become moot because of a settlement of all issues between the parties to the appeal.

3. The United States of America's Motion is well-founded and should be granted. It is therefore

ORDERED that the Bankruptcy Court's decision from which the United States of America has appealed and as described above is hereby vacated; and it is further

ORDERED that this proceeding is remanded to the Bankruptcy Court with instructions to dismiss the Motion of Debtors to Assume Executory Contracts filed on September 7, 1988.

---

**In re Danny Neil FRYAR and wife, Linda Fay Fryar, Debtors.**

**No. MO–89–CA–111.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

June 6, 1989.

Sharon S. Pierce, Austin, Tex., for appellant.

Thomas L. Rees, Colorado City, Tex., for appellees.

**In re Danny Neil FRYAR and wife, Linda Fay Fryar, Debtors.**

**No. MO–89–CA–112.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

July 5, 1989.

Sharon S. Pierce, Austin, Tex., for appellant.